IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CASEY RAFEAL TYLER,           )
                              )
          Plaintiff,          )
                              )
     v.                       )     1:17CV1142
                              )
KATY POOLE, et al.,           )
                              )
          Defendants.         )
```

**ORDER**

This matter is before this court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on February 14, 2020, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 31.) In the Recommendation, the Magistrate Judge recommends that Defendants' motion for summary judgment, (Doc. 19), be denied with regard to Plaintiff's condition-of-confinement claims and granted with regard to all other claims. The Recommendation was served on the parties to this action on February 14, 2020. (Doc. 32.) Defendants and Plaintiff filed objections. (Docs. 34, 35.) Plaintiff also filed a response, (Doc. 36), to Defendants' objections.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

The court has appropriately reviewed the portions of the Magistrate Judge's report to which Defendants and Plaintiff objected and has made a de novo determination which is in accord with the Magistrate Judge's report.

The parties' objections require further discussion on the part of the court.

Defendants object to the Magistrate Judge's recommendation that summary judgment be denied as to Plaintiff's Eighth Amendment claim. (Doc. 34 at 2.) Notably, however, Defendants do not object to the Magistrate Judge's finding that Defendants failed to place the Eighth Amendment condition-of-confinement claim at issue for purposes of summary judgment. The Magistrate Judge found that "Defendants have submitted nothing to the record regarding the conditions Plaintiff actually faced, or the state of mind of the relevant Defendants," (see generally id.; Doc. 31 at 13), and Defendants have not objected to that finding.

A district court is only required to review de novo those portions of the report to which specific objections have been made. See 28 U.S.C. § 636(b)(1). "It does not appear that

Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Thomas v. Arn, 474 U.S. 140, 150 (1985).

Defendants object to the Recommendation by arguing that Plaintiff has failed to present "any credible evidence that he either suffered serious or significant physical or emotional injury or substantial risk of such." (Doc. 34 at 3.) While it is quite possibly correct that Plaintiff did not suffer serious or significant injury, neither party has submitted evidence by affidavit or otherwise to address the conditions of confinement or any injury.

Although no evidence has been presented, Plaintiff alleges in his complaint that he was in placed in cell restriction and on January 17, 2015, declared a medical emergency seeking treatment for exhaustion. (Doc. 2 at 6-7.)[1] According to the complaint, Plaintiff required hospitalization for intravenous treatment for dehydration. (Id.) In the absence of any facts submitted by affidavit or otherwise, this court is not able to say whether these medical conditions were significant, caused by

---

[1] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

-3-

prison conditions, or caused by Plaintiff's hunger strike. Plaintiff's claims may be outlandish from Defendants' perspective, but in the absence of any facts submitted in accordance with summary judgment requirements, see Fed. R. Civ. P. 56(c)(1), and the absence of either objection or argument as to the Magistrate Judge's finding as to Defendant's failure to submit information in the record, this court declines to overrule the Magistrate Judge as to Plaintiff's Eighth Amendment claim.

Although Defendants did not object to the Magistrate Judge's findings and this court is not able to find the Recommendation clearly erroneous as to those findings to which objection is not made, the procedural posture of this case is, at a minimum, troubling. Defendants filed their motion for summary judgment on June 21, 2019. (Doc. 19.) The Clerk issued Plaintiff a Roseboro notice advising Plaintiff of his right to respond. (Doc. 21.) That notice contained the following language: "Your failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant(s)' contentions are undisputed and/or that you no longer wish to pursue the matter." (Id. at 1.) LR 7.3(k) provides:

> The failure to file a brief or response within the
> time specified in this rule shall constitute a waiver

> of the right thereafter to file such brief or
> response, except upon a showing of excusable
> neglect. . . . If a respondent fails to file a
> response within the time required by this rule, the
> motion will be considered and decided as an
> uncontested motion, and ordinarily will be granted
> without further notice.

Further, LR 56.1(d) states:

> In a responsive brief the opposing party may,
> within 30 days after service of the summary judgment
> motion and brief, set out the statements required by
> LR 7.2(a)(1)-(3) and also set out the elements that
> the claimant must prove (with citations to supporting
> authority), and either identify any element as to
> which evidence is insufficient (and explain why the
> evidence is insufficient), or point to specific,
> authenticated facts existing in the record or set
> forth in accompanying affidavits that show a genuine
> issue of material fact, or explain why some rule of
> law (e.g., an applicable statute of limitations) would
> defeat the claim. <u>The failure to file a response may
> cause the Court to find that the motion is
> uncontested.</u>

LR 56.1(d)(emphasis added). Plaintiff did not file a response to Defendants' motion for summary judgment in spite of the warning of the Roseboro letter.[2]

---

[2] Plaintiff argues that his appeal was his response to the "Roseboro letter." (Doc. 35 at 1.) Plaintiff made a choice to file a notice of appeal to the Fourth Circuit rather than respond in this court to the motion for summary judgment. According to the opinion of the Fourth Circuit, Plaintiff appealed the orders denying his motion for appointment of counsel and the granting of an extension of time to file dispositive motions, (Doc. 26 at 2), matters that had nothing to do with his failure to respond to the motion for summary judgment. The Magistrate Judge did not issue a ruling until well after the Fourth Circuit issued its judgment and mandate. (<u>See</u> Docs. 27, 28, 31.) Plaintiff did not respond to the motion for summary judgment.

Plaintiff's failure to file a response resulted in, <u>inter alia</u>, Plaintiff's failure to respond to Defendants' argument that the Eighth Amendment claim was subject to dismissal. (<u>See</u> Doc. 20 at 15-18.) Furthermore, the failure to respond could, and arguably should, result in Defendants' motion for summary judgment being decided as an uncontested motion. <u>See</u> LR 7.3(k) and 56.1(d). If the rules are to be fairly applied, as they should be, then Plaintiff's failure to respond is arguably as significant a failing as Defendants' failure to place any facts at issue in the Eighth Amendment claim.

In light of Plaintiff's failure to respond in any fashion to Defendants' motion for summary judgment, this court finds as an initial matter that Plaintiff has waived the right to file an objection. Plaintiff has filed a number of cases in this court and has responded to at least one motion for summary judgment previously. (<u>See, e.g.</u>, <u>Tyler v. Hooks</u>, 1:17CV833 (Docs. 7, 8).) Because Plaintiff is clearly aware of the duty to respond and the consequences for failing to do so, this court finds his objections should be overruled for that reason alone. Plaintiff's objections are therefore overruled.

Nevertheless, this court will briefly review the objections on the merits considering the Fourth Circuit's "strong policy

that cases be decided on the merits," United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993).

Plaintiff has introduced new arguments and evidence as part of his objections to the Recommendation.[3] Plaintiff first objects to the Magistrate Judge's Recommendation that summary judgment be granted in favor of Defendants with regard to Plaintiff's First Amendment claims. (Doc. 35 at 1-10.) Plaintiff argues that: (1) the Faith Group Affiliation Declaration Form that Scotland Correctional Institution ("Scotland") requires for an inmate to change his religious affiliation impermissibly constitutes an investigation of "the Church" and inmates' religious sincerity; (2) a desire to limit overflow in corporate worship services and preventing inmates from attending for reasons other than worshipping, rather than safety, are the real

---

[3] The evidence introduced by Plaintiff are three documents labeled Exhibits 17, 17-A, and 101. (Doc. 35 at 14-16.) Exhibit 17 is a list of instructions for completion of Faith Group Affiliation Declaration Forms. (Id. at 14.) Exhibit 17-A is an unmarked Faith Group Affiliation Declaration Form for Scotland Correctional Institution. (Id. at 15.) Exhibit 101 is an Inmate Information Request Form in which Plaintiff seeks to attend a church or bible study service and is denied by a Scotland Correctional Institution chaplain because only Christian or Hebrew Israelite practitioners were approved to attend Christian services and Plaintiff was listed as a Jewish practitioner. (Id. at 16.)

objectives of Scotland's policy; and (3) those objectives are constitutionally illegitimate.[4] (Id. at 3, 6-8.)

None of Plaintiff's First Amendment arguments have merit. Even if they did have merit, however, Defendants would be entitled to qualified immunity because it is not a clearly established constitutional right for an inmate to attend a corporate worship service of a group with whom he is not affiliated.

Plaintiff also, for the first time, raises arguments elaborating his claims under the Fourteenth Amendment Equal Protection and Due Process clauses. (Id. at 11-12.) Specifically, Plaintiff argues that (1) he was entitled to a hearing before being deprived of the right to attend a corporate worship service for a religion with which he was not affiliated; and (2) the policy of permitting only prisoners affiliated with a religion to attend that religion's corporate religious services constitutes unlawful discrimination. (Id.) These arguments are without merit. However, even if they did have

---

[4] Plaintiff also argues that Defendant Poole lacked the authority to implement the Scotland policy regarding attendance at corporate worship services and that the policy contradicts the policy of the North Carolina Department of Public Safety. (Doc. 35 at 2.) This argument is without merit, as the scope of Defendant Poole's authority and whether the North Carolina Department of Public Safety's policy contradict and supersedes Scotland's is irrelevant to Plaintiff's First Amendment claims.

merit, Defendants would be entitled to qualified immunity because the rights asserted by Plaintiff are not clearly established.

The court finds Plaintiff's objections do not change the substance of the United States Magistrate Judge's Recommendation, (Doc. 31), and the court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 31), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (Doc. 19), is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** with regard to Plaintiff's condition-of-confinement claims and **GRANTED** with regard to all other claims.

This the 31st day of March, 2020.

_____
United States District Judge